UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.   ) | No. 1:16-10233 |
| ) | |
| CHARLES W. GARSKE,   ) | |
| RICHARD J. GOTTCENT, and   ) | |
| MICHAEL SEDLAK   ) | |
| ) | |
| Defendants.   ) | |

**JOINT MOTION FOR CONTINUANCE OF PROCEEDING,
AND EXCLUSION OF DELAY UNDER THE SPEEDY TRIAL ACT, TO PERMIT
DEFENDANTS TO DEMONSTRATE GOOD CONDUCT
PURSUANT TO DEFERRED PROSECUTION AGREEMENTS**

Under Title 18, United States Code, Sections 3161(h)(2) and 3161(h)(7)(A), the United States and defendants Charles Garske, Richard Gottcent, and Michael Sedlak (collectively, the "Defendants") jointly move this Court (1) to approve the deferral of this prosecution for, and the period of delay associated with, the Defendants' entrance into deferred prosecution agreements (the "DPAs"), attached as Exhibits A, B, and C; and (2) to enter an order continuing this criminal case as to the Defendants for the term of the deferral outlined below, and excluding the resulting delay from the time within which the trial of the offenses charged in the Indictment must commence. In support of this motion, the parties state as follows:

1. The Defendants have each individually entered into a DPA with the United States. Pursuant to the DPAs, the Defendants are subject to conditions for a period of twelve months, starting from the date that the Court issues the order requested herein.

2. The United States does not intend to go forward with prosecution of this case as to the Defendants, provided that the Defendants abide by the terms of the DPA. However, if any of the Defendants individually fail to abide by the conditions of the DPA, the United States will

request that this case be returned to the Court's calendar as to that individual defendant only. As to each individual defendant who complies with the DPA, the United States will move to dismiss the pending charges against that defendant.

3.      Section 3161(h)(2) of Title 18 permits a court to exclude any "period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct." Section 3161(h)(7)(A) permits the exclusion of any delay resulting from a continuance granted by any judge if the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. In this case, a delay of the proceedings will allow the Defendants to take responsibility for their conduct, avoid consequences and burdens on third parties, and efficiently resolve the prosecution.

5.      Accordingly, the parties respectfully request the Court to: (a) approve the deferral of this prosecution and the period of delay associated with pretrial diversion, under 18 U.S.C. § 3161(h)(2); and (b) enter an order directing that any period of delay associated with the DPAs be excluded in computing the time within which the trial of the charged offense(s) must commence, under 18 U.S.C. §§ 3161(h)(2) and 3161(h)(7)(A).

                                              Respectfully submitted,

                                              NATHANIEL R. MENDELL
                                              Acting United States Attorney

By:    /s/ Mackenzie A. Queenin
       STEPHEN E. FRANK
       Chief, Securities, Financial & Cyber Fraud Unit
       MACKENZIE A. QUEENIN
       Assistant U.S. Attorney

CHARLES W. GARSKE,
By his attorney,

/s/ Justine Harris
Justine Harris (*Pro Hac Vice*)
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004

MICHAEL SEDLAK
By his attorney,

/s/ David Spears
David Spears (*Pro Hac Vice*)
SPEARS & IMES LLP
51 Madison Avenue
New York, NY 10010

RICHARD G. GOTTCENT,
By his attorney,

/s/ Thomas Kiley
Thomas Kiley
Meredith Fierro
COSGROVE, EISENBERG & KILEY, P.C.
1 International Pl # 1820
Boston, MA 02110

Date: 12/24/21